

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| 970 Broad Street, Suite 700 | Direct Dial: (973) 645-2700 |
| Newark, New Jersey 07102 | Facsimile: (973) 297-2006 |

RA/PL.AGR

July 3, 2018

Michael P. Koribanics, Esq.
685 Van Houten Avenue
Clifton, NJ 07013

      Re: <u>Plea Agreement with Jonathan Bustios</u>

Dear Mr. Koribanics:

      This letter sets forth the plea agreement between your client, Jonathan Bustios, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Jonathan Bustios to a two-count Information charging him with: (a) one count of conspiring to deprive individuals of their civil rights, under color of law, in violation of 18 U.S.C. § 241; and (b) one count of extortion under color of official right affecting interstate commerce, in violation of 18 U.S.C. § 1951(a). If Jonathan Bustios enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Jonathan Bustios for depriving individuals of their civil rights while employed a Paterson police officer, and for accepting a firearm from an individual in exchange for reducing criminal charges on or about March 14, 2018. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Jonathan Bustios agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jonathan Bustios may be commenced against him, notwithstanding the expiration of the limitations period after Jonathan Bustios signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 241 charged in Count One of the Information to which Jonathan Bustios agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) 250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1951(a) charged in Count Two of the Information to which Jonathan Bustios agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) 250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense

Fines imposed by the sentencing judge may be subject to the payment of interest. The sentence on each count may run consecutively.

The sentence to be imposed upon Jonathan Bustios is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Jonathan Bustios ultimately will receive.

Further, in addition to imposing any other penalty on Jonathan Bustios, the sentencing judge: (1) will order Jonathan Bustios to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Jonathan Bustios to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; and (3) may require Jonathan Bustios to serve a supervised release term of not more than 3 years on Count One, and may require Jonathan Bustios to serve a term of supervised release of not more than 3 years on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should Jonathan Bustios be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jonathan Bustios may be sentenced to not more than 2 years' imprisonment on Count One and 2 years' imprisonment on Count Two, in addition to any prison term previously imposed, regardless of the statutory maximum term of

2

imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jonathan Bustios by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jonathan Bustios's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Jonathan Bustios agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Jonathan Bustios from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Jonathan Bustios waive certain rights to file an appeal, collateral attack, writ, or motion after

3

sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

      Jonathan Bustios agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Jonathan Bustios will forfeit the firearm solicited and received as a bribe, as charged in Count Two of the Information. Jonathan Bustios agrees that the firearm is property, real or personal, that constitutes or is derived from proceeds traceable to the violation of 18 U.S.C. § 1951(a) charged in Count Two of the Information, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C).

      Jonathan Bustios agrees to consent to the entry of an order of forfeiture for the firearm and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Jonathan Bustios understands that forfeiture of the firearm is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

      Jonathan Bustios hereby agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

      Jonathan Bustios understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Jonathan Bustios understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Jonathan Bustios wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Jonathan Bustios understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Jonathan Bustios waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

4

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jonathan Bustios. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Jonathan Bustios.

No provision of this agreement shall preclude Jonathan Bustios from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that his guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Jonathan Bustios and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: RAHUL AGARWAL
Assistant U.S. Attorney

APPROVED:

Lee M. Cortes, Jr.
Deputy Chief, Special Prosecutions Division

5

    I have received this letter from my attorney, Michael P. Koribanics, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

X _____ Date: 7/24/18
Jonathan Busties

    I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____ Date: 7/24/18
Michael P. Koribanics, Esq.

6

Plea Agreement With Jonathan Bustios

Schedule A

1.  This Office and Jonathan Bustios recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Jonathan Bustios nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Jonathan Bustios within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Jonathan Bustios further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.  The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case.

**Count One: Conspiracy Against Civil Rights**
**(18 U.S.C. § 241)**

3.  The applicable guideline is U.S.S.G. § 2H1.1. Because the offense involved two or more persons, the base offense level is 12. See U.S.S.G. § 2H1.1(a)(2).

4.  Because Jonathan Bustios was a public official at the time of the offense and because the offense was committed under color of law, there is an increase of 6 levels. See U.S.S.G. § 2H1.1(b)(1)(A) & (B).

5.  The offense level for Count One is 18.

**Count Two: Extortion Under Color of Official Right**
**(18 U.S.C. § 1951(a))**

6.  The applicable guideline is U.S.S.G. § 2C1.1. Because Jonathan Bustios was a public official, the base offense level is 14. See U.S.S.G. § 2C1.1(a)(1).

7.  Because the offense involved a public official in a sensitive position, there is an increase of 4 levels. See U.S.S.G. § 2C1.1(b)(3).

8.  The offense level for Count Two is 18.

**Grouping**

9.  Counts One and Two are <u>not</u> to be grouped together into a single Group. Thus, there are 2 Groups. See U.S.S.G. § 3D1.2.

7

10. There are two Units because each of the Groups has the same offense level. Accordingly, there is an increase of 2 levels. See U.S.S.G. § 3D1.4. This results in a combined offense level of 20 for Counts One and Two.

**Acceptance of Responsibility**

11. As of the date of this letter, Jonathan Bustios has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jonathan Bustios's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

12. As of the date of this letter, Jonathan Bustios has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Jonathan Bustios's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Jonathan Bustios enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Jonathan Bustios's acceptance of responsibility has continued through the date of sentencing and Jonathan Bustios therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Jonathan Bustios's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

13. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Jonathan Bustios is 17 (the "agreed total Guidelines offense level").

14. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

15. Jonathan Bustios knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that

8

sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

16. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.